**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| LORI HICKS, Plaintiff, v. ROBERTSON COUNTY ELECTION COMMISSION, Defendant. | Case No. ____________ |
| --- | --- |

**VERIFIED COMPLAINT**

1. Plaintiff brings this complaint against the Robertson County Election Commissions under the National Voter Registration Act, 52 U.S.C. § 20501, *et. seq* (the "NVRA") which violates the NVRA for the illegal purging of her voter registration. Plaintiff brings this case under the private right of action provided for 52 U.S.C. § 20510.

**INTRODUCTION**

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1345, and 52 U.S.C. § 20510.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because (1) Defendant has their official residences in this district; (2) a substantial part of the events or omissions giving rise to the claims occurred in this district; and (3) Defendant is subject to the Court's personal jurisdiction because Defendants are the state sovereign within this district and/or divisions of the state sovereign or official commissioners of such divisions.

**PARTIES**

4. Plaintiff Lori Hicks is a resident of Robertson County, Tennessee and lives at 7372 Hall Rd., Greenbrier, TN 37073. Plaintiff is a qualified voter as that term is used in Tenn. Code Ann. § 2-2-102.

5. The Defendant, the Robertson County Election Commission is a board or commission that is charged with holding elections within Robertson County and as part of that is charged with maintaining a list of eligible and registered voters within Robertson County for the upcoming November 6, 2018 midterm election and coordinating with the Automated Electoral System to ensure a complete and accurate list of the registered statewide voters. As such, if Plaintiff is to be permitted to vote in the upcoming Election, she will need to be registered and allowed to vote by the Robertson County Election Commission.

## FACTUAL BACKGROUND

6. On or around October 30, 2018, Plaintiff arrived at the Robertson County Election Office located at 513 S. Brown Street, Springfield, TN 37172 to cast an early vote in the November 6, 2018 election (the "Election"). She presented valid and acceptable photo-ID to the poll worker. The poll worker informed Plaintiff she was not on the list of registered voters and refused to allower her to cast a ballot for the Election.

7. Plaintiff was previously a registered voter in Robertson County and had voted in the November 2008 general election. The poll worker informed Plaintiff she had been purged from the voter file for not voting in the last two presidential elections.

8. Plaintiff has lived at her current residence for over thirty years.

9. Plaintiff was shown as a registered voter in the Robertson County Election Commissions' voter file until at least 2014.

10. Plaintiff never received a letter informing her she would be purged.

11. Plaintiff's driver's license shows her residence as 7372 Hall Rd. Plaintiff is not aware of any public record that would show she resides in any place other than 7372 Hall Rd. as that has been her legal residence for over 30 years.

12. The Robertson County Election Commission has no record of its purging of Plaintiff's voter registration.

## CAUSES OF ACTION

### COUNT I

### (Claim Under 52 U.S.C. § 20510 Of The National Voter Registration Act)

13. Plaintiff realleges, restates, and incorporates by reference the allegations made in paragraphs 1-12 above.

14. The Robertson County Election Commission violated the NVRA by failing to properly implement its obligations under Section 20507(b) as outlined above.

15. Under Section 20510, Plaintiff has a private right of action for enforcement of her rights under the NVRA.

16. Plaintiff brings this action to require the Robertson County Election Commission to reinstate her voter registration for illegal purging under Section 20507(b). That section states as follows:

> (b) Confirmation of voter registration Any State program or activity to protect the integrity of the electoral process by ensuring the maintenance of an accurate and current voter registration roll for elections for Federal office—
>
> (1) shall be uniform, nondiscriminatory, and in compliance with the Voting Rights Act of 1965 (42 U.S.C. 1973 et seq.) [now 52 U.S.C. 10301 et seq.]; and
> (2) shall not result in the removal of the name of any person from the official list of voters registered to vote in an election for Federal office by reason of the person's failure to vote, except that nothing in this paragraph may be construed to prohibit a State from using the procedures described in subsections (c) and (d) to remove an individual from the official list of eligible voters if the individual—
>
> (A) has not either notified the applicable registrar (in person or in writing) or responded during the period described in subparagraph (B) to the notice sent by the applicable registrar; and then
>
> (B) has not voted or appeared to vote in 2 or more consecutive general elections for Federal office.

17. In other words, prior to the Robertson County Election Commission purging Plaintiff from the voter rolls, it was required to send her a letter informing her of her pending purge. Plaintiff received no letter and the Robertson County Election Commission is without proof they sent such a letter.

18. Accordingly, the Robertson County Election Commission has violated Section 20507(b) by failing to follow the NVRA required process for removing a voter from the official registration list.

19. Plaintiff is entitled to a declaration that the Robertson County Election Commission violated of Section 20507(b) of the NVRA and a temporary and permanent injunction prohibiting the Robertson County Election Commission from continuing to violate the NVRA, and a temporary and permanent injunction requiring the Robertson County Election Commisssion to register Plaintiff to vote and allow her to vote in the upcoming Election.

**COUNT II**

**(Claim Under 42 U.S.C. § 1983 Of The Civil Rights Act)**

20. Plaintiff realleges, restates, and incorporates by reference the allegations made in paragraphs 1-19 above.

21. The Robertson County Election Commission violated the NVRA by failing to properly implement its obligations under Section 20507(b) as outlined above.

22. This right is an enforcible Civil Right under 42 U.S.C. § 1983.

23. Under Section 20510, Plaintiff has a private right of action for enforcement of her rights under the NVRA.

24. Plaintiff brings this action to require the Robertson County Election Commission to reinstate her voter registration for illegal purging under Section 20507(b). That section states as follows:

> (b) Confirmation of voter registrationAny State program or activity to protect the integrity of the electoral process by ensuring the maintenance of an accurate and current voter registration roll for elections for Federal office—
>
> (1) shall be uniform, nondiscriminatory, and in compliance with the Voting Rights Act of 1965 (42 U.S.C. 1973 et seq.) [now 52 U.S.C. 10301 et seq.]; and
> (2) shall not result in the removal of the name of any person from the official list of voters registered to vote in an election for Federal office by reason of the person's failure to vote, except that nothing in this paragraph may be construed to prohibit a State from using the procedures described in subsections (c) and (d) to remove an individual from the official list of eligible voters if the individual—

> (A) has not either notified the applicable registrar (in person or in writing) or responded during the period described in subparagraph (B) to the notice sent by the applicable registrar; and then
>
> (B) has not voted or appeared to vote in 2 or more consecutive general elections for Federal office.

25. In other words, prior to the Robertson County Election Commission purging Plaintiff from the voter rolls, it was required to send her a letter informing her of her pending purge. Plaintiff received no letter and the Robertson County Election Commission is without proof they sent such a letter.

26. Accordingly, the Robertson County Election Commission has violated Section 20507(b) by failing to follow the NVRA required process for removing a voter from the official registration list.

27. Plaintiff is entitled to a declaration that the Robertson County Election Commission violated 42 U.S.C. § 1983 by failing to properly implement its obligations under Section 20507(b) of the NVRA and a temporary and permanent injunction prohibiting the Robertson County Election Commission from continuing to violate the NVRA, and a temporary and permanent injunction requiring the Robertson County Election Commisssion to register Plaintiff to vote and allow him to vote in the upcoming Election.

**PRAYER FOR RELIEF**

28. WHEREFORE, respectfully request that the Court:

a. That service of process be had upon the Robertson County Election Commission and be required to appear and answer this complaint within the time prescribed by law;

b. Temporarily and permanently enjoin the Defendants from violating the NVRA;

c. Declare that Plaintiff was illegally purged from the voter list in Robertson County in violation of Section 20504 of the NVRA;

d. Require the Robertson County Election Commission to register Plaintiff to vote PRIOR TO November 6, 2018 so that Plaintiff may exercise her constitutional right to vote in the Election;

e. Grant Plaintiff's litigation expenses, costs of suit, and reasonable attorney's fees as provided by law, including but not limited to, pursuant to 52 U.S.C. 20510(c); and

f. Grant to Plaintiffs such other or further relief as the nature of the case may require or as may be determined to be just, equitable, and proper by this Court.

Dated: November 5, 2018

Respectfully submitted,

*/s/ Benjamin A. Gastel*
J. Gerard Stranch, IV (BPR #23045)
Benjamin A. Gastel (BPR #28699)
Anthony A. Orlandi (BPR #33988)
BRANSTETTER, STRANCH & JENNINGS PLLC
223 Rosa Parks Ave., Suite 200
Nashville, TN 37203
(615) 254-8801
gerards@bsjfirm.com
beng@bsjfirm.com
aorlandi@bjsfirm.com

*Attorneys for Plaintiff*

**VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the factual allegations in paragraphs 6-12 of this Verified Complaint are true and correct to the best of my knowledge, information, and belief.

Executed on November 2, 2018

Lori Diane Hicks

Lori Diane Hicks

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 5, 2016, the foregoing was served via U.S. Mail, pre-paid postage, and Electronic Mail upon:

Cathy Hamsley, Administrator of Elections
513 S. Brown Street
Robertson Co Office Bldg, Room 137
Springfield, TN 37172-2941
Phone: (615) 384-5592
Fax: (615) 382-3122
robertson.commission@tn.gov

*/s/ Benjamin A. Gastel*
Benjamin A. Gastel