UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LORI HICKS,<br><br>      Plaintiff,<br><br>v.<br><br>ROBERTSON COUNTY ELECTION COMMISSION,<br><br>      Defendant. | Case No. _____ |

# MEMORANDUM IN SUPPORT OF
# PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER

Pursuant to Federal Rule of Civil Procedure 65, Plaintiff Lori Hicks ("Plaintiff"), through her undersigned counsel, submits this memorandum in support of her motion for a temporary restraining order.

## INTRODUCTION

The United States Congress has established the following:

(1) the right of citizens of the United States to vote is a fundamental right;

(2) it is the duty of the Federal, State, and local governments to promote the exercise of that right; and

(3) discriminatory and unfair registration laws and procedures can have a direct and damaging effect on voter participation in elections for Federal office and disproportionately harm voter participation by various groups, including racial minorities.

52 U.S.C. § 20501. As a result of these findings, the United States Congress passed the National Voter Registration Act, 52 U.S.C. § 20501 *et. seq* (the "NVRA"). Central to the goal of the NVRA was to limit the circumstances when voters on the rolls could be removed. 52 U.S.C. § 200507.

Unfortunately for the citizens of the Robertson County, the Robertson County Election Commission apparently did not comply with its obligations under the NVRA and is in clear violation of the NVRA's very straight forward requirements. This failure has caused Plaintiff an immediate harm: she has been purged from the rolls of registered voters in Robertson County with no notice and no due process, discovering the violation only upon attempting to cast an early vote for the November 6, 2018 general election.

As a result, the Plaintiff needs immediate relief from this Court so that she can exercise her right to vote. Plaintiff requests that the Court immediately require the Robertson County Election Commission, to restore Plaintiff's illegally purged voter registration and allow her to cast a ballot on November 6, 2018 so that she can participate in this important national election.

**FACTS**

On October 30, 2018, Plaintiff appeared at the Robertson County Election Office located at 513 S. Brown Street, Springfield, TN 37172 and attempted to cast a ballot in the Election. (Verified Complaint ¶ 6.) She presented valid and acceptable photo-ID to the poll worker. The poll worker informed Plaintiff she was not on the list of registered voters and refused to allow her to cast a ballot for the Election. (Verified Complaint ¶ 6.)

Plaintiff was previously a registered voter in Robertson County and had voted in the November 2008 general election. The poll worker informed Plaintiff she had been purged from the voter file for not voting in the last two presidential elections. (Verified Complaint ¶ 7.) At that time and to this day, Plaintiff has resided at 7372 Hall Rd., Greenbrier, TN 37073. (Verified Complaint ¶¶ 4, 8.) She has lived at that address for over thirty years. (Verified Complaint ¶¶ 4, 8.)

According to earlier pulled voter files from the Robertson County Election Commission,

Plaintiff was a registered voter as late as 2014. (Verified Complaint ¶ 9.)

Prior to being purged from the rolls, Plaintiff never received any letter at her address informing her of the Robertson County Election Commission's intent to purge her from the voting rolls. A review of the Robertson County Election Commission's own files, shows that the Robertson County Election Commission has no record of its purging of Plaintiff's voter registration. (Verified Petition ¶ 12.)

## ARGUMENT

I. **THE NVRA IMPOSES CLEAR REQUIREMENTS ON STATES AS TO WHEN IT CAN PURGE VOTERS FOR NON-VOTING.**

The NVRA is clear that election officials must "mak[e] a reasonable effort to remove" ineligible registrants from the rolls because of "a change in the residence of the registrant," and it must do so "in accordance with subsections (b), (c), and (d)." § 20507(a)(4)(B). The NVRA clearly requires that election officials only use subsections (d)'s address verification regime when state election officials have a reasonable basis to believe that a registrant has changed their address. 52 U.S.C. § 20507(c)(1)(A) and (d)(2) (subsection (d)'s Confirmation Procedure is "to confirm the change of address" whenever the State has already "identif[ied] registrants whose addresses may have changed."

But the threshold for being able to purge any voter under 52 U.S.C. § 20507 is the requirement that the election commission send a written notice by forwardable mail to the registered voter. *Husted v. A. Philip Randolph Inst.*, 138 S. Ct. 1833, 1854, 201 L. Ed. 2d 141 (2018) (discussing the Ohio governments use of non-voting as a measure to gauge likelihood a voter has moved out of the district and upholding the use of non-voting as a measure for gauging likelihood a voter moved but still requiring election officials send a notice by mail).

Here, the Robertson County Election Commission has no evidence that Lori Hicks received

3

a notification as required by 52 U.S.C. § 20507(d). Lori Hicks claims she did not receive such a mailing. Therefore, Robertson County Election Commission has illegally purged Lori Hicks from the voter rolls.

## II. THE COURT SHOULD ISSUE A TEMPORARY INJUNCTION PREVENTING THE ROBERTSONCOUNTY ELECTION COMMISSION FROM PREVENTING PLAINTIFF FROM CASTING A BALLOT.

A temporary restraining order depends on four factors: (1) the moving party's likelihood of success on the merits; (2) the threat of irreparable injury to the moving party; (3) the threat that the injunction will cause substantial harm to others; and (4) the public interest. *Memphis Planned Parenthood, Inc. v. Sundquist*, 175 F.3d 456, 460 (6th Cir. 1999); *see also ACLU Fund of Mich. v. Livingston Cnty.*, 796 F.3d 636, 642 (6th Cir. 2015), *cert. denied*, 84 U.S.L.W. 3476 (U.S. Feb. 29, 2016) (No. 15-836). These are factors to be balanced, not individual prerequisites. *Coalition to Defend Affirmative Action v. Granholm*, 473 F.3d 237, 244 (6th Cir. 2006).

Each of these factors are readily satisfied in this instance.

### A. Plaintiff Is Likely To Succeed On The Merits Of Her Claim That The Commissioner Is Violating And Has Violated The NVRA.

As discussed above, Lori Hicks is likely to prevail on the merits. She claims she did not receive the mailed notice required by Section 20507(d) before she was purged and the Robertson County Election Commission has no record of sending her such a notice.

Therefore, she is likely to prevail on her claims that the Robertson County Election Commission has illegally purged her in violation of 52 U.S.C. § 20507.

### B. Plaintiff Is Threatened With Irreparable Injury.

By illegally purging Plaintiff from the voter rolls, the Robertson County Election Commission has violated Plaintiff's federal Civil Rights and rights under the NVRA and without Court intervention, she will be disenfranchised and not permitted to cast a ballot in the November

6, 2018 Election.

### C. Any Injunction Will Not Cause Harm To Others And Favors The Public Interest.

As a citizen of the United States, Plaintiff should not be deprived of her right to vote, and the Robertson County Election Commission's conduct here threatens to undermine the democratic process itself by preventing an otherwise qualified voter from participating in the Election.

In fact, by not issuing the injunction the Court would cause harm to those candidates that Plaintiff is prepared to vote for by depriving those individuals of the support they are entitled to when the entirety of a qualified electorate is able to participate in the Election. These factors therefore favor the issuance of a temporary restraining order.

## III. RELIEF PLAINTIFF SEEKS.

Plaintiff seeks an immediate injunction requiring the Robertson County Election Commission to reinstate Plaintiff's voter registration and allow her to cast a ballot on election day in the November 6, 2018 Election.

## IV. THE COURT SHOULD NOT REQUIRE A BOND

A district court does not have to require an injunction bond. *Appalachian Reg'l Healthcare, Inc. v. Coventry Health & Life Ins. Co.*, 714 F.3d 424, 431 (6th Cir. 2013). It can waive a bond when the enjoined party does not show a likelihood of damages from the injunction, *see id*. at 432, or due to "the strength of [the] case and the strong public interest involved," *see Moltan Co. v. Eagle-Picher Indus.*, 55 F.3d 1171, 1176 (6th Cir. 1995). Plaintiff should not have to post a bond. The injunction is necessary to protect constitutional rights. It will not cause significant harm to Defendants.

## CONCLUSION

The Court should issue the temporary injunction provided as Exhibit A to the Motion for

Temporary Injunction and thereby allow Plaintiff to cast a ballot in the upcoming Election. Because of the timing of the upcoming Election, which is, as of the date of the filing of this complaint, tomorrow, the Plaintiff respectfully requests an immediate hearing on the Motion for Temporary Injunction.

Dated: November 5, 2018    Respectfully submitted,

/s/Benjamin A. Gastel
J. Gerard Stranch, IV, Esq. (BPR #23045)
Benjamin A. Gastel (BPR #28699)
Anthony A. Orlandi (BPR #33988)
BRANSTETTER, STRANCH & JENNINGS, PLLC
The Freedom Center
223 Rosa Parks Ave, Suite 200
Nashville, TN 37203
(615) 254-8801
gerards@bsjfirm.com
beng@bsjfirm.com
aorlandi@bsjfirm.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 5, 2016, the foregoing was served via U.S. Mail, pre-paid postage, and Electronic Mail upon:

Cathy Hamsley, Administrator of Elections
513 S. Brown Street
Robertson Co Office Bldg, Room 137
Springfield, TN 37172-2941
Phone: (615) 384-5592
Fax: (615) 382-3122
robertson.commission@tn.gov

*/s/ Benjamin A. Gastel*
Benjamin A. Gastel